IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JEFFREY KRAMER, individually and on behalf of all those similarly situated,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>GARY CARUANA, in his official capacity as the Sheriff of Winnebago County and WINNEBAGO COUNTY,<br><br>　　Defendants. | No. 25-cv-50166 |

**COMPLAINT**

Plaintiff, Jeffrey Kramer, individually and on behalf of those similarly situated complaints against Defendants as follows:

**Nature of the Case**

1. This is an action for money damages, declaratory relief and injunctive relief brought pursuant to 42 U.S.C. § 1983.

2. Plaintiff, individually and on behalf of the class he seeks to represent, alleges that Defendant Gary Caruana, in his official capacity as the Sheriff of Winnebago County, has adopted and implemented a policy whereby individuals who have completed their court-ordered terms of incarceration are unnecessarily and illegally held in custody in the Winnebago County Jail for an unreasonable period of time prior to their being transferred to the Illinois Department of Corrections ("IDOC"), where they are processed for release back into the community to serve their terms of mandatory supervised release (a.k.a "dressing in and dressing out").

Pursuant to the challenged policy, Defendant unnecessarily and illegally causes individuals to be held on custody beyond the completion of their sentences.

3. Plaintiff Jeffrey Kramer is currently in custody beyond the completion of his sentence pursuant to this policy. Plaintiff seeks compensatory damages for his extended detention and injunctive and declaratory relief for himself and all others similarly situated to halt these unconstitutional practices.

4. Plaintiff Kramer alleges that the challenged policy violates the Eighth Amendment to the United States Constitution.

## Jurisdiction and Venue

5. Jurisdiction for Plaintiff's claims is based on 28 U.S.C. §§ 1331 and 1343(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to Plaintiff's claims arose in this district.

## The Parties

7. Plaintiff Jeffrey Kramer, 42, is presently a detainee in the custody of the Winnebago County Jail. On April 8, 2025, Plaintiff Kramer pleaded guilty to one count of possession of child pornography (720 ILCS 5/11-20.1(a)(6)) and was sentenced to four years in prison and a three-year term of Mandatory Supervised Release ("MSR"). Plaintiff Kramer was given credit for 1168 days he served in custody prior to his guilty plea. Thus, he has completed his prison sentence and is eligible for immediate release on to MSR. As of this writing, Plaintiff Kramer remains a detainee in the custody of the Winnebago County Jail as he awaits

transfer to Stateville Northern Reception and Classification Center in Joliet, Illinois, in order to be processed by the Illinois Department of Corrections for release back into the community on MSR.

8. Defendant Gary Caruana is sued in his official capacity as the Sheriff of Winnebago County. Pursuant to 55 ILCS 5/3-6017, Caruana has responsibility for the "custody and care" of the Winnebago County Jail. Accordingly, in his capacity as Winnebago County Sheriff, Defendant Caruana has final authority to set the Winnebago County Jail's policies with regard to transfers of detainees in the Jail to the IDOC.

9. Plaintiff joins Winnebago County, Illinois, pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003). The operations of the Jail are ultimately the financial responsibility of Winnebago County.

10. Plaintiff seeks to represent a class of similarly situated detainees who are currently (or will be in the future) detained at the Jail and are subject to the challenged policy.

## Relevant Statutes and Policies

### A. Sentence Credits

11. Under Illinois law, individuals sentenced to a period of incarceration who were detained in a county jail or on electronic home detention while awaiting trial are entitled to "credit … for the number of days spent in custody as a result of the offense for which the sentence was imposed." 730 ILCS 5/5-4.5-100(b).

3

12. Sentence credits for pre-trial detention are calculated at the same rate at which the individual would receive credits for time served in prison for the offense of conviction. *Id*.

13. For most offenses, individuals receive "day-for-day credit"—that is, so long as the prisoner remains "in compliance with the rules and regulations of the Department," each day he or she serves "shall reduce by one day the prisoner's period of imprisonment." 730 ILCS 5/3-6-3 (a)(2.1).

14. Thus, an individual who has been sentenced to four years in the custody of the Illinois Department of Corrections ("IDOC") will have discharged his sentence after serving 720 days of so-called "good time," whether that good time is served in IDOC, pre-trial detention in a county jail, or pre-trial electronic home detention.[1]

## B. The 'Dress In/Dress Out' Policy

15. The Illinois Department of Corrections has exclusive responsibility to calculate state prisoners' sentences, including awarding or subtracting sentence credit. 20 Ill. Adm. Code §§107.110(c), 107.150(a).

16. The IDOC is also charged with assessing whether sentences have been appropriately served. *Id*.

---

[1] Pursuant to IDOC Policy, the length of a felony sentence is calculated using a 360-day year. *See* IDOC Admin. Directive 01.07.400, Sentence Calculation for Individuals in Custody. (available at: https://idoc.illinois.gov/content/dam/soi/en/web/idoc/aboutus/policies/policies/administration-organization-and-management/107400%20Sentence%20Calculation%20for%20Individuals%20in%20Custody.pdf)

17. As with calculating sentences, IDOC has sole authority to process inmates onto mandatory supervised release. 730 ILCS 5/3-14-2(a).

18. After a felony sentencing occurs, certain individuals are known as "turnarounds." Turnarounds are those who received a sentence of incarceration that includes credit equal to or exceeding the time to be served, so they are transferred to IDOC only for processing on to supervised release.

19. Any person convicted of a felony offense must be physically transported to an IDOC reception center to be processed into IDOC even if the individual has no time to serve in prison, *e.g.,* he has served his entire sentence while awaiting trial in a county jail or on electronic home detention.

20. Thus, when a person pleads guilty to an offense and receives a sentence of incarceration that is shorter than or equal to the amount of time he or she has already spent in a county jail or on electronic home detention, the individual is transported to an IDOC reception center, processed into the IDOC and then immediately processed out (the "dress in/ dress out" policy).

**C. The Winnebago County Jail's Transfer Policy**

21. After individuals have received their sentences from the sentencing court, the Winnebago County Jail does not immediately transfer them to the IDOC for processing. Instead, the Jail makes individuals wait for several days, and sometimes more than a week, for transfer to the IDOC. This is the case for all individuals in the custody of the Jail, whether the individual has additional time to serve in IDOC or has already completed his prison term and is subject only to the

IDOC's dress in/dress out policy. There is no valid penological justification for the days-long delay in transfer.

22. For individuals who have no additional time to serve in prison and are subject only to the IDOC's dress in/dress out policy, the Jail's transfer policy results in the unnecessary and unconstitutional extension of these individuals' time in the physical custody of the Jail. In contrast, for individuals who have additional time to serve in prison, the Jail's transfer policy does not result in the unnecessary or unconstitutional extension of their time in physical custody of the Jail because these individuals are given credit for the time that they are in the Jail awaiting transfer to the IDOC.

### Facts Relevant to Plaintiff Jeffrey Kramer

23. Plaintiff Jeffrey Kramer has been and remains a detainee in the Winnebago County Jail. He has been a detainee in the Jail since January 19, 2024.

24. On April 8, 2025, Plaintiff Kramer pleaded guilty to one count of possession of child pornography (720 ILCS 5/11-20.1(a)(6)) and was sentenced to four years in prison and three-years on MSR.

25. Pursuant to 730 ILCS 5/5-4.5-100(b) and (e), he received 1168 days of credit for the time he spent in custody pre-trial from January 27, 2022 to April 8, 2025.[2] Thus, with "good time" day-for-day credit, Kramer has served the entirety of his sentence of incarceration and is entitled to immediate release on to MSR.

---

[2] At the time of Kramer's arrest, he was serving an indeterminate "three years to life" term of MSR for a previous offense. His MSR was revoked due to the arrest. When he was sentenced on the current offense, he was awarded credit for the time he served in IDOC custody on the revocation from January 27, 2022 to January 18, 2024 pursuant to 730 ILCS

26. As of this writing, Plaintiff Kramer remains a detainee in the custody of the Winnebago County Jail. He awaits transfer to the Stateville Northern Reception and Classification Center in Joliet, Illinois, in order to be processed by the Illinois Department of Corrections for release back into the community on to MSR. Plaintiff must be transferred to Stateville for processing pursuant to IDOC's dress in/dress out policy.

27. Due to the Winnebago County Jail's delay in transferring Plaintiff Kramer to the IDOC for processing, Plaintiff Kramer is serving additional time in the physical custody of the Jail beyond the time he was sentenced to serve.[3]

## Class Allegations

28. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiff Kramer seeks certification of this case as a class action for purposes of equitable relief on behalf of a class defined as follows:

> All individuals convicted of felony offenses in Winnebago County who have completed their court-imposed sentence of incarceration while in pre-trial detention but are detained in the Winnebago County Jail awaiting transfer to IDOC.

29. The Class seeks a declaration that the Winnebago County Jail's policy of unnecessarily delaying transfer of individuals in custody to IDOC is

---

5/5-4.5-100 (e), and credit for the time he served in the Winnebago County Jail on pre-trial detention from January 19, 2024 to April 8, 2025 pursuant to 730 ILCS 5/5-4.5-100 (b).

[3] Plaintiff Kramer has not discharged his previous "three years to life" MSR term, and he is not receiving any credit against completion of that MSR term for additional time he spends in the Jail because under Illinois law a three-to-life MSR term "toll[s] during any period of incarceration." 730 ILCS 5/3-14-2.5(e).

7

unconstitutional and an injunction prohibiting Defendant from continuing the policy.

30.     The proposed class is numerous. According to data maintained by the Sheriff, in 2024 there were on average 711 individuals in the custody of the Jail every month.[4] Thus, even if a small fraction of this population pleads guilty to time served, the class would meet the numerosity requirement. Moreover, membership in the class is fluid as new individuals are sentenced to time served on pending charges and thus become subject to the challenged policy.

31.     There are questions of law and fact common to all class members, including but not limited to the following:

- What are the Defendant's rationales for the challenged policy of delaying transfer to IDOC;
- Whether there is any penological interest served by Defendant's policies;
- Whether the challenged policy violates the Eighth Amendment.

32.     All individuals falling within the class definitions have been subject to the same policies. Given the commonality of the questions pertinent to all class members, a single judgment would provide relief to each member of the class.

33.     Defendant has acted and continues to act in a manner adverse to the rights of the proposed class, making final declaratory relief appropriate with respect to the class as a whole.

---

[4]   *See* https://winnebagosheriff.com/file_library/average-jail-population-2023-67daedc640dc8.pdf

34. Named Plaintiff Jeffrey Kramer and the class he seeks to represent have been directly injured by the policy challenged herein; and members of the class are currently at risk of future harm from the continuation of this policy.

35. Plaintiff Kramer will fairly and adequately represent the interests of the class; and Kramer's claims are typical of the claims of all members of the proposed class.

36. Plaintiff's counsel are experienced in civil rights litigation, including (b)(2) class actions seeking equitable relief on behalf of a class of detained persons alleging violations of their constitutional rights. Plaintiff's counsel will fairly and adequately represent the interests of the class.

## COUNT I
## 42 U.S.C. 1983 – Eighth Amendment

37. Plaintiff, individually and on behalf of the class he seeks to represent, realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

38. The policy described herein unnecessarily and arbitrarily delays individuals' release from custody after the completion of their court-imposed sentences.

39. Defendant knows or should know that the policy he has adopted unnecessarily extends individuals' imprisonment beyond the time they were sentenced to serve. In adopting the challenged transfer policy, Defendant is deliberately indifferent to the rights of individuals in the custody of the Winnebago County Jail.

40. Defendant's policy as described herein violates the Eighth Amendment to the United States Constitution.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a) Issue an order certifying the case as a class pursuant to Fed. R. Civ. P. 23(b)(2) and appoint the undersigned as class counsel pursuant to Fed. R. Civ. P. 23(g);

b) Enter judgment declaring that the policy of delaying transfer of sentenced prisoners to IDOC described herein as applied to Plaintiff and the members of the class violates the Eighth Amendment of the U.S. Constitution;

c) Award compensatory damages to Plaintiff Jeffrey Kramer;

d) Enter a permanent injunction prohibiting Defendant from continuing the unconstitutional policy identified herein;

e) Award Plaintiff reasonable attorneys' fees and cost pursuant to 42 U.S.C. § 1988, and other applicable law; and

f) Grant such other relief as this Court deems just and proper.

Plaintiff demands trial by jury.

Respectfully submitted,

/s/ Mark G. Weinberg
/s/ Adele D. Nicholas
*Counsel for Plaintiff*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net